# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY TUCKER, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-10-0265 |
| v. | : |
| | : (Judge Caputo) |
| SUPERINTENDENT JOHN PALAKOVICK, *et al.*, | : |
| Defendants | : |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Gary Tucker, filed the above captioned civil rights complaint on February 3, 2010, alleging that he was assaulted at SCI-Camp Hill's Special Management Unit (SMU) by several corrections officers on January 29, 2008. He also asserts defendants retaliated against him for reporting the assault by denying him basic human needs such as food. (Doc. 1, Compl.) On February 4, 2010, this Court granted Mr. Tucker's request to proceed *in forma pauperis* and directed service of the Complaint on the named defendants. Presently before the Court is Mr. Tucker's April 13, 2010, Motion for Appointment of Counsel. *See* Doc. 13 He basis his request for counsel on his limited knowledge of the law, inability to afford private counsel, and his belief that his placement in "solitary confinement" with sporadic access to a limited mini-law library with out a computer or typewriter will be an insurmountable hindrance to his ability to litigate this case. *See* Docs. 13 - 14. He

claims he can only order legal cases on a weekly basis from the general population library. *Id*. Mr. Tucker notes that he is the only person in a unit for "psychiatric and suicidal inmates" for the past two months. *Id*. For the reasons that follow, Mr. Tucker's motion will be denied without prejudice.

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, it is within the court's discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation for a plaintiff. This effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The threshold issue is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

This case is in its procedural infancy. The Court has just recently directed service of the Complaint on the defendants. Defendants will either challenge the legal basis of the complaint or file an Answer. It is not until these matters are resolved will the Court be able to examine the threshold question of the arguable factual and legal merit of Mr. Tucker's claims for the purpose of considering whether to appoint him counsel in this matter. There is no evidence, at this point, that any prejudice will result in the absence of counsel, especially given the very early procedural posture of this case. Additionally, the Court notes that although housed

in solitary confinement Mr. Tucker has been able to initiate his lawsuit and file the present motion for counsel. A review of the documents reveals that Mr. Tucker is able to communicate clearly and able to cite relevant case law in his filings.

Consequently, Mr. Tucker's present request for counsel will be denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Mr. Tucker.

**AND NOW, this 14th day of APRIL, 2010**, it is ordered that Mr. Tucker's Motion for Appointment of Counsel (doc. 13) is denied without prejudice.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**